IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| SCOTT BARR and<br>LISA BARR | PLAINTIFF |
| v.   Civil No. 2:24-CV-02135-MEF | |
| NXG TRANSPORT, LLC,<br>WILLIE HOLLEY, and<br>JOHN DOES #1-10 | DEFENDANTS |

and

| | |
|---|---|
| GWENDOLYN GILBRETH | PLAINTIFF |
| v.   Civil No. 2:25-CV-02007-MEF | |
| NXG TRANSPORT, LLC,<br>WILLIE LEE HOLLEY, and<br>JOHN DOES #1-10 | DEFENDANTS |

**MEMORANDUM ORDER AND OPINION**

Before the Court is Defendant, NXG Transport's ("NXG") Motion for Protective Order filed September 11, 2025. (ECF Nos. 51, 52). The parties have consented to the jurisdiction of a Magistrate Judge to conduct all proceedings in this case (ECF Nos. 19, 21), and pursuant to said authority, the Court issues this Order.

**I.   Background**

This lawsuit arises from an October 11, 2021, motor vehicle accident. (*Gilbreth v. NXG Transport, LLC, et al.*, Case No. 2:25-cv-02007-MEF, ECF No. 2). Plaintiff Gilbreth ("Gilbreth") was stopped on Interstate 40 when NXG's tractor-trailer, driven by Defendant Holley, failed to

1

stop and struck a series of vehicles, propelling the vehicle behind Gilbreth into the rear of her vehicle. *Id*. Gilbreth's vehicle was then jettisoned into the left median and continued down the roadside before colliding with the left rear fender of another tractor trailer. (*Id*.). As a result, Gilbreth contends she sustained serious, permanent, and life altering injuries. Separate Defendant Holley was ultimately cited for careless and prohibited driving as well as failing to register a vehicle. (*Id*.).

In addition to claims against separate Defendant Holley, Gilbreth's Complaint alleges NXG was directly negligent for violating several regulations under the Federal Motor Carrier Safety Act ("FMCSA") and was negligent in hiring, supervising, and training separate Defendant Holley with respect to the underlying accident. She further alleges NXG is liable under a theory of *respondeat superior*. (ECF No. 52).

In August 2025, Gilbreth propounded discovery to NXG consisting of 18 requests for admissions and 95 requests for production. (ECF Nos. 51-2; 51-3, pp. 3-4). On August 26, 2025, NXG's counsel emailed Gilbreth's attorney complaining that the 95 requests for production were excessive and not proportional to the needs of the case and matters at issue and requesting that they withdraw the requests or NXG would move for a protective order. (ECF No. 51-3, p. 3). The following day, Gilbreth's counsel indicated that he could not withdraw the requests without more specific information as to which requests were not proportional to the case and how so. (*Id*.). However, he voiced his willingness to work with Gilbreth to determine whether any of the requests could be narrowed or removed. (*Id*.).

NXG's counsel retorted with a blanket statement that all 95 of the requests for production were not necessary for this type of accident or litigation because the case was not complex. (ECF No. 51-3, pp. 1-2). She then advised Gilbreth's counsel that she felt he was "in a better position

2

to go through this production set that you indicate you use in all cases and tell me which of the 95 you need for this case and the causes of action in this case." (*Id*. at 2). In reply, Gilbreth's counsel indicated that the production requests were specifically tailored for this litigation and reiterated his willingness to work with counsel regarding said requests. (*Id*. at 1). However, without more specific information, he was unable to discern which requests NXG's counsel found objectionable and advised her to lodge objections to the challenged requests for production. NXG's counsel contends they have done so and fully expect Gilbreth's counsel to take exception with those responses.

NXG seeks a Protective Order relieving it of its duty to respond to the 95 allegedly "disproportional" requests for production and directing NXG to reasonably tailor their discovery to the proportional needs of the case.

## II. Applicable Law

Rule 26(c)(1) of the Federal Rules of Civil Procedure authorizes a court to issue protective orders concerning discovery. Fed. R. Civ. P. 26(c)(1). "Although the federal rules permit liberal discovery, it 'is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984)). "Because of liberal discovery and the potential for abuse, the federal rules 'confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required." *Id.* (quoting *Seattle Times*, 467 U.S. at 36).

The movant bears the burden of demonstrating good cause for the issuance of a protective order. *Miscellaneous Docket Matter No. 1*, 197 F.3d at 926. According to Rule 26(c), good cause exists "when justice requires the protection of 'a party or a person from any annoyance,

embarrassment, oppression, or undue burden or expense.'" *See Miscellaneous Docket Matter No. 1*, 197 F.3d at 926; *see also Rolscreen Co. v. Pella Prod. Of St. Louis, Inc.*, 145 F.R.D. 92, 96 (S.D. Iowa 1992). The moving party must plead specific facts "in support of their request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Frideres v. Schiltz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993).

Unlike Rule 33(a)(1) limiting the number of written interrogatories that may be propounded to a party, Rule 34 contains no limit on the number of requests for production a party may serve. Fed. R. Civ. P. 34; *see also Waller v. Kelley*, 2012 WL 3596544, *2 (E.D. Ark. Aug. 21, 2012). The only limitation is that the requests do not exceed the scope of discovery allowed by Fed. R. Civ. P. 26(b). Therefore, a party may serve any number of relevant requests for production so long as they are "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

### III. Analysis

NXG argues that a protective order is warranted because the 95 requests for production are oppressive and burdensome by their sheer number. While we agree this number is voluminous, the Federal Rules of Civil Procedure place no limitation on the number of requests for production that may be served. Fed. R. Civ. P. 34. They must only comply with Rule 26(b).

Unfortunately, NXG's blanket contention that the requests for production are disproportional to the needs of the case is both speculative and conclusory. NXG has pled no specific facts to support its position and fails to identify the harm it will suffer without a protective order.[1] *Frideres*, 150 F.R.D. at 156. (S.D. Iowa 1993). Without more, this Court cannot issue a protective order.

---

[1] We also note that NXG's argument fails to meet the particularity requirement of Rule 34 and Local Rule 33.1 concerning objections to requests for production. *See* Fed. R. Civ. P. 34(b)(2)(B); *see also* W.D. Ark. Local R. 33.1.

## IV. Conclusion

For these reasons, NXG's Motion for Protective Order (ECF No. 51) is hereby **DENIED**. Should discovery issues arise after Gilbreth has reviewed NXG's responses and objections to the requests for production, and after the parties confer in good faith to resolve any such issues, the parties may file an appropriate motion seeking to resolve any remaining discovery disputes.

IT IS SO ORDERED this 16th day of September 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE